The Law Offices Of
# SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
MEMBER N.J. & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL: SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
800 6TH AVENUE
STE. 34A
NEW YORK, NY 10001
TEL: 646.205.0659

February 1, 2021

**BY ELECTRONIC FILING**
Hon. Madeline Cox Arleo
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

                              Re: Garreffi v. Hicks, *et al.*
                              Case No: 2:20-cv-16396-MCA-MAH
                              Order on Consent for Discovery/Adm. Termination Motion

Dear Judge Arleo:

      This firm represents plaintiff. This excessive force case brought pursuant to 42 U.S.C. §1983 was filed November 17, 2020 [DE1] with an Amended Complaint filed November 18, 2020 [DE4]. Plaintiff has been unable to identify and serve defendants with the exception of DOC Comr. Marcus O' Hicks. It is alleged that multiple corrections officers were involved in a beating of plaintiff, in particular a "Sgt Hamlett" and Officer "Allen." There are several John Doe defendants named as well. In addition, Plaintiff cannot serve a former jail warden, Stephen Johnson, without a last known address. On December 2, 2020 plaintiff counsel wrote to the defendant Cmr. O'Hicks requesting that he identify defendants (Exhibit "A").

      Defendant O'Hicks has filed a Motion to Dismiss, returnable February 16, 2021 [DE7 ].

      The parties have conferred as to the most efficient means of identifying defendants, effectuating service, and having all defendants who seek to file a Motion to Dismiss do so on a briefing schedule that permits the Court and the parties to present their arguments and opposition in a manner that is not duplicative and wasteful of resources.

      To that end, the enclosed Consent Order is presented allowing extension of the Rule M period for service, permitting limited discovery to identify defendants, allowing amendment of the complaint, and administratively terminating the Motion to Dismiss pending a responsive pleadings from all defendants.

      Should the Court find these remedies appropriate, we ask that the Court execute and enter the enclosed Consent Order. Anticipating that the Court will approve this request, counsel has not addressed the pending Motion to Dismiss. In the event that the Court denies this request, a two (2) cycle adjournment is requested to prepare opposition and Plaintiff will seek extension of the service period by way of formal Motion.

                                                Respectfully submitted,

                                                SHELLEY L. STANGLER, ESQ.

SLS/mf

cc: Mary Holavacs, Esq. – via email: Mary.Holavacs@law.njoag.gov

2

# EXHIBIT A

**The Law Offices Of**
**SHELLEY L. STANGLER, P.C.**

SHELLEY L. STANGLER
MEMBER N.J. & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL: SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
800 6TH AVENUE
STE. 34A
NEW YORK, NY 10001
TEL: 646.205.0659

December 2, 2020

Marcus O. Hicks, Esq.
New Jersey Department of Corrections
1300 Stuyvesant Ave
Trenton, NJ 08618

          **Re: Garreffi v. Hicks,** *et al.*
          **Case No: 2:20-cv-16396-MCA-MAH**

Dear Commissioner Hicks:

    The enclosed complaint was filed in this matter on November 18, 2020. A copy is enclosed. You will be served in the normal course. However, we write to avoid the difficulties inherent in serving corrections officers at your facilities and jail administrators.

    In this case, we seek to serve the former Warden of Northern State Prison, Steven Johnson. We ask that the DOC provide his last known address, or, if still employed by the state, his location for service.

    We also ask that the DOC identify Officer "Allen" and Sgt "Hamlet" whose full names plaintiff is unable to identify. We also ask for either a last known address or location for service.

    This effort to obtain cooperation from the DOC prior to requesting intervention from a DAG who we presume will be assigned to this case is made in light of the 90 day window to serve defendants under the federal rules and avoid the necessity of motions to extend the 90 day period.

                            Very truly yours,

                            SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.