ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendants Marcus O. Hicks, Officer William*
*Gallagher, Officer Rashim Minatee, Officer Christian Sanjuan,*
*Officer Wilfredo Arroyo, Lt. Joseph Reardon, Sgt. Hamlett, Jamie*
*Muriel, James Lee, and Former Admin. Stephen Johnson*

By:  Chanell Branch
     Deputy Attorney General
     (609)-376-3376
     Chanell.Branch@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| NICHOLAS GARREFFI, | : HON. Madeline Cox Arleo, U.S.D.J. <br> : HON. Michael Hammer, U.S.M.J. <br> : |
| Plaintiff, | : Civil Action No. 20-16396 (MCA-MAH |
| v. | : **NOTICE OF DEFENDANT'S MOTION TO** <br> **DISMISS THE COMPLAINT FOR FAILURE** |
| MARCUS O. HICKS, et als., | : **TO STATE A CLAIM UPON WHICH RELIEF** <br> **CAN BE GRANTED** |
| Defendants. | : |

TO:  Clerk of the Court

     Shelley L. Stangler, Esq.
     Law Offices of Shelley L. Stangler, P.C.
     155 Morris Avenue, #2
     Springfield, NJ 07081

     PLEASE TAKE NOTICE that the undersigned Andrew J. Bruck,

Acting Attorney General of New Jersey, by Chanell Branch, Deputy

Attorney General, as attorney for Defendants Marcus O. Hicks,

Johnson, Arroyo, Gallagher, Sanjuan, Reardon, Lee, Muriel,

Hamlett   and   Minatee   will   move   before   the   Honorable

Madeline Cox Arleo, U.S.D.J. in the United States Court House in Newark, New Jersey, for an Order granting his motion to dismiss plaintiff Nicholas Garreffi's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants will rely on the letter brief attached hereto.

In accordance with Fed. R. Civ. P. 78(b) and L.Civ.R. 78.1(b), Defendants respectfully request that the Court rule upon this motion on the papers.

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY


By: s/Chanell Branch
    Chanell Branch
    Deputy Attorney General


Dated:  November 5, 2021

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

NICHOLAS GARREFFI,

           Plaintiff,

       v.

MARCUS O. HICKS, ET ALS.,

         Defendants.

        Civ. Action No. 20-16396
(MCH)(MAH)

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)**

---

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants
R.J. Hughes Justice Complex
PO Box 112
Trenton, New Jersey 08625
Chanell.Branch@law.njoag.gov
(609)-376-3776

Chanell Branch,
Deputy Attorney General
On the Brief

## PRELIMINARY STATEMENT

Plaintiff Nicholas Garreffi ("Plaintiff") is an inmate currently incarcerated at South Woods State Prison in Burlington, New Jersey.  Plaintiff has brought suit against defendant, New Jersey Department of Corrections Commissioner ("NJDOC") Marcus O. Hicks, and numerous individual defendants, who have been served due to an agreement between counsels.  Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985, the New Jersey Civil Rights Act ("NJCRA"), and the New Jersey Tort Claims Act ("NJTCA"). Plaintiff's complaint specifically states that defendants are being sued in both their individual and official capacities. Plaintiff demands compensatory and punitive damages, attorney fees and costs, and any other relief this Court may deem appropriate.

Defendants now move to dismiss Plaintiff's claims.  This Court should dismiss all claims against Marcus O. Hicks, and all official capacity claims against the remainder of the defendants, because such claims are barred by the Eleventh Amendment of the United States Constitution. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253-54 (3d Cir. 2010).

State Defendants, as state public entities and an arm of the State of New Jersey, are not "persons" subject to suit under either the federal constitutional claims, brought pursuant to 42 U.S.C.

§ 1983, or the state constitutional claims, brought pursuant to the New Jersey Civil Rights Act, *N.J.S.A.* 10A:6-1 *et seq.* The Complaint also seeks to proceed against State Defendants on the basis of common law intentional tort theories. However, State Defendants are not persons under § 1983 and are immune from liability for intentional torts under the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1, *et seq.* Therefore, these claims against State Defendants must all be dismissed with prejudice.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

Plaintiff filed his complaint alleging claims of excessive force pursuant to 42 U.S.C. § 1983 against various defendants. (*See* Complaint, ECF No. 20). Plaintiff alleges that while incarcerated at Northern State Prison, he was in administrative segregation for using drugs. Comp. par. 27-58. He further alleges that he was injured while in administrative segregation. Although his complaint admits that he told the medical treatment provider from whom he sought medical attention that he was injured as a result of a fall, in his complaint, he also states that his statement was untrue, and that in fact he was assaulted and battered by prison personnel after he commenced a verbal altercation with one of the prison personnel. Id.

On March 4, 2021, this Court entered an Order by consent of all parties permitting the administrative termination of the Motion to Dismiss filed on January 6, 2021 to allow Plaintiff time to file an amended complaint naming new defendants and extending the service period. (ECF No. 11). Defendant now moves to dismiss Plaintiff's claims. This Court should dismiss all claims against Marcus O Hicks, and all official capacity claims against the individual defendants, because such claims are barred by the Eleventh Amendment of the United States Constitution. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253-54 (3d Cir. 2010).

---

[1] Because the Procedural History and Statement of Facts are closely intertwined for purposes of this motion, they are being combined

4

for brevity's sake and convenience to the Court. The allegations
in plaintiff's complaint are accepted as true solely for purposes
of this motion to partially dismiss the Complaint.

## STANDARD OF REVIEW

There are two working principles underlying the motion to dismiss standard pursuant to *Fed. R. Civ. P.* 12(b)(6). First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." *Id.* at 1950.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard is not a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

In other words, a complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to

relief. *Id.* When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (citing *Fed. R. Civ. P.* 8(a)(2)) (quotations omitted).

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS AGAINST STATE DEFENDANTS MUST BE DISMISSED BECAUSE STATE AGENCIES AND STATE EMPLOYEES IN THEIR OFFICIAL CAPACITIES ARE NOT "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983 OR THE NJCRA AND PLAINTIFFS' § 1983 CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT.**

Plaintiff's complaint specifically states that Defendants are being sued in both their individual and official capacities. (*See* Cmp., ECF No. 20). Any § 1983 claims brought against State Defendants in their official capacities must be dismissed because Defendants are not "persons" amenable to suit under 42 U.S.C. § 1983 and Plaintiff's claims are barred by the Eleventh Amendment.

**A.   State Employees Are Not "Persons" Amenable to Suit Under 42 U.S.C. § 1983 and Therefore Plaintiff's Claims Against State Defendants In Their Official Capacity Must Be Dismissed.**

42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To be liable within the meaning of the statute, a defendant must be a "person."  The Supreme Court of the United States has held that "States are not 'persons' within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1995) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)).  Additionally, in *Will*, the Supreme Court specifically held that state agencies and officials acting in their official capacity are not "persons" under § 1983. 491 U.S. at 70-71.

The Supreme Court also found that, in enacting § 1983, Congress did not intend to override well-established common law immunities or defenses, specifically that of a state not to be sued without its consent.  *Id.* at 71.  While § 1983 is a remedy for an official violation of federal rights, it "does not suggest that the State itself was a person that Congress intended to be subject to liability." *Id.* at 68.

The NJCRA, *N.J.S.A.* 10:6-1 *et seq.*, became effective on September 10, 2004.  It was intended to provide a state remedy for civil rights violations, and as such is closely modeled after §

1983.  It was designed to "incorporate and integrate seamlessly" with existing civil rights jurisprudence.  Governor's Statement Upon Signing Assembly Bill No. 2073 (2004).  Moreover, it did not override existing statutes of limitations, waive immunities, or alter jurisdictional or procedural rules "that are otherwise applicable to the assertion of constitutional or statutory rights." *Id.*  In short, it is "a State analog to [§ 1983]." *Id.*

Since the enactment of the NJCRA, courts, in published and unpublished opinions, also have interpreted and held it as being analogous to § 1983. *See, e.g., Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 604 (D.N.J. 2010) (citing *Chapman v. New Jersey*, Civ. No. 08-4130 (AET), 2009 U.S. Dist. LEXIS 75720 (D.N.J. Aug. 25, 2009)).  Recently, the Third Circuit held that a state prison, and a prison official sued in his or her official capacity, are not "persons" within the meaning of the NJCRA, and therefore not subject to suit under that statute. *Didiano v. Balicki*, USCA 11-2380, 2012 U.S. App. LEXIS 14624, at *6-12 (3d Cir. July 17, 2012). Most recently, in a decision approved for publication, the New Jersey state appellate court rejected the argument that the § 1983 defense of qualified immunity was not available in NJCRA claims, finding the state legislature intended the NJCRA to be analogous to § 1983 and thus would have intended the affirmative defense to be available. *Ramos v. Flowers*, 429 N.J. Super. 13, 56 A.3d 869 (App. Div. 2012).

Finally, courts have noted that various provisions of the New Jersey State Constitution, in the context of prisoner cases, were deemed analogous to the related provisions of the United States Constitution. *See, e.g., Myrie v. Comm'r* , 267 F.3d 251, 255 & n.2 (3d Cir. 2011) (due process and equal protection)*; State v. Ramseur*, 524 A.2d 188, 210 (N.J. 1987) (cruel and unusual punishment).

In this case, Plaintiff's claims are brought against State Defendants, in both their individual and official capacities. However, State Defendants, in their official capacities, are not "persons" for purposes of § 1983 and the NJCRA[2], and have not consented to suit.  Therefore, any claims against State Defendants in their official capacities must be dismissed.

> **B.  Plaintiff's  Complaint  Against  State Defendants In Their Official Capacities Is Barred By The Eleventh Amendment.**

It is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state. *See Quern v. Jordan*, 440 U.S. 332 (1979); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Meyer v. New Jersey*, 46 F.2d 1252 (3d Cir. 1972); *Cate v. Oldham*, 7 F.2d 1176 (11th Cir. 1983).  The prohibition

---

[2] All arguments made herein in the context of Plaintiff's claims under the U.S. Constitution apply equally to Plaintiff's NJCRA claims.

against naming a state or state agency as a party derives from the Eleventh Amendment, which provides, in pertinent part:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state.

U.S. Const., Amend. XI.

The amendment precludes federal jurisdiction over a state absent the state's consent to suit. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Supreme Court of the United States has held that "States are not 'persons' within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1995) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)).

The immunity from suit extends to agencies or departments of the state as well. *Halderman*, 465 U.S. at 101-02; *Pugh*, 438 U.S. at 781. The state is considered the real party in interest in two circumstances – whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *College Savings Bank v. United States of America*, 948 F. Supp. 400, 409 (D.N.J. 1996) (quoting *Pennhurst*, 465 U.S. at 101 n.11). Therefore, a state's sovereign immunity can be invoked even where

the suit is against a state, agency, official, or employee. *Brady v. Michelin Reifenwerke*, 613 F. Supp. 1076, 1080 (D. Miss. 1985).

The Eleventh Amendment prohibition against federal lawsuits for damages against the State also applies when a state official is sued for damages in his or her official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985); *McClary v. O'Hare*, 786 F.2d 83 (2d Cir. 1986); *Miller v. Rutgers*, 619 F. Supp. 1386 (D.N.J. 1985). While prospective relief may be sought against state officials acting in their official capacity, a monetary award indistinguishable from one against the state itself is prohibited by the Eleventh Amendment, even when a suit is filed against nominal state officials. *Miller*, 619 F. Supp. at 1392-93.

While a state may waive defenses of Eleventh Amendment immunity by removing this matter to federal court, as noted in *Lombardo v. Commonwealth of Pennsylvania*, 540 F.3d 190 (3d Cir. 2008), the Third Circuit made clear "that state sovereign immunity includes both immunity from suit in federal court and immunity from liability, and that a state may waive one without waiving the other."   540 F.3d at 193.   State Defendants assert that they are immune from liability pursuant to § 1983 and corollary provisions of the NJCRA and the New Jersey State Constitution because they are not considered "persons" amenable to suit.

11

It is well established that while a state may waive its immunity from liability, such waiver must be express and unequivocal. *See Lombardo*, 540 F.3d at 198 (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)).   As the Third Circuit has explained, "an effective waiver of sovereign immunity, like the waiver of other Constitutionally-protected rights, must involve the intentional relinquishment or abandonment of a known right. . . .   Accordingly, we must indulge every reasonable presumption against waiver." *Lombardo*, 540 F.3d at 198 (citations and quotations omitted).

State Defendants have not expressly and unequivocally waived immunity from liability.   State Defendants have not and cannot waive the fact that they are not "persons" for purposes of § 1983. As explained above, the NJCRA did not override existing statutes of limitations, waive immunities, or alter jurisdictional or procedural rules "that are otherwise applicable to the assertion of constitutional or statutory rights."   Governor's Statement Upon Signing Assembly Bill No. 2073 (2004).   In short, the NJCRA is "a State analog to [§ 1983]."   *Id.*   In addition, courts have noted that various provisions of the New Jersey State Constitution, in the context of prisoner cases, were deemed analogous to the related

12

provisions of the United States Constitution.  *See, e.g., Myrie v. Comm'r*, 267 F.3d 251, 255 & n.2 (3d Cir. 2011) (due process and equal protection); *State v. Ramseur*, 524 A.2d 188, 210 (N.J. 1987) (cruel and unusual punishment).

In this case, State Defendants in their official capacities are entitled to Eleventh Amendment immunity, which has not been waived.  Therefore, Plaintiffs' claims against State Defendants in their official capacity must be dismissed because they are entitled to Eleventh Amendment immunity from suit.

### POINT II

**PLAINTIFF'S STATE AND FEDERAL CONSTITUTIONAL CLAIMS AGAINST NJDOC, MARCUS O. HICKS, AND STEVEN JOHNSON, SHOULD BE DISMISSED BECAUSE THEY ARE EITHER IMPERMISSIBLY PREMISED ON A SUPERVISORY LIABILITY THEORY OR DO NOT RISE TO THE LEVEL OF A CONSTITUTIONAL <u>VIOLATION.</u>**

It is well-established that constitutional claims based on the theory of supervisory liability cannot be maintained under § 1983. *Jimenez v. New Jersey*, 245 F. Supp. 2d 584, 586 n. 3 (D.N.J. 2003) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Personal involvement is sufficiently shown only with "particular[]" allegations of participation or actual knowledge and acquiescence.

13

*Id.* Although knowledge may be inferred from the circumstances, it nevertheless must be actual knowledge. *See Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995). A plaintiff "must portray specific conduct by state officials which violates some constitutional right." *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970). The supervisory official must be shown to be the "moving force behind the constitutional violation of a subordinate" and also exhibit[] deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).

Personal involvement is a necessary element of a 42 U.S.C. § 1983 claim, and a supervisory official is not liable for the acts of his subordinates merely on the basis of the superior-subordinate relationship. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978); *Delbridge v. Schaeffer*, 238 N.J. Super. 323, 357 (Law Div. 1989). A supervisor may only "be liable under § 1983 if he or she implements a *policy* or *practice* that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct." *Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011). Accordingly, the principle of *respondeat superior* is not applicable to suits brought under 42 U.S.C. § 1983.

14

In this case, Plaintiff's allegations against Defendants NJDOC, NSP, Marcus Hicks, and Steven Johnson are completely devoid of any facts. Despite the litany of factual allegations he does raise in the complaint, Plaintiff fails to assert *any* facts that demonstrate how these Defendants were personally involved in the alleged wrongdoings. (See Compl., generally). Plaintiff simply avers that these Defendants were "responsible for operations as well as the custody and care of inmates housed at 1he NJSP; the development, promulgation, and implementation of policies and procedures relating to the custody and care of prisoners housed at the NJSP; the supervision, hiring, firing, disciplining, training and oversight of corrections officers employed by the NJSP." However, Plaintiff fails to set forth how exactly these Defendants were aware of the alleged wrongdoings other than the fact that they had supervisory authority over certain employees. (*Id*. at ¶¶ 1,2,3,31-36). Plaintiff's complaint is devoid of any factual allegations regarding these Defendants or any actions or inactions they took with respect to Plaintiff's alleged complained-of-conditions. Moreover, Plaintiff fails to allege with requisite detail of a policy or practice implemented by these Defendants that created an unreasonable risk of a constitutional violation. (*Id*. at ¶¶ 31-36). Instead, Plaintiff merely states that these defendants "had direct, personal responsibility for setting policies and instituting

procedures for the day-to-day administrative, managerial and supervisory control over the NJSP, including establishing and enforcing policies and procedures for hiring, firing, supervising, monitoring, training and disciplining corrections officers." (*Id.* at ¶ 1-3)

At the outset, there is no well-pled allegation showing that these Defendants had personal knowledge or were even aware of Plaintiff's claims regarding his complained-of-conditions. (Compl., generally). Accordingly, the state and federal constitutional claims alleged by Plaintiff must be dismissed with prejudice.

## POINT III

**PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES MUST BE DISMISSED BECAUSE HE CANNOT MAKE THE REQUISITE SHOWING TO WARRANT SUCH RELIEF.**

Plaintiff's complaint seeks punitive damages against State Defendants. Plaintiff's claim for punitive damages should be dismissed because he cannot make the requisite showing to warrant such relief.

Punitive damages are not awarded as compensation for injury. Rather, they are awarded to punish the defendant and to deter future conduct. They are only awarded if the defendant's conduct has been particularly egregious. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Savarese v. Agriss*, 883 F.2d 1194, 1204-1205 (3rd Cir. 1989). Punitive damages are never awarded as a matter of right,

no matter how outrageous the defendant's behavior may be. *Savarese*, 883 F.2d at 1204. In order to award punitive damages, plaintiff must show that a state defendant's conduct was "motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others." *Id.; see also, Keenan v. City of Philadelphia*, 983 F.2d 459, 470 (3rd Cir. 1992).

In the instant case, the record is devoid of any facts that State Defendants acted with an "evil motive" or "callous indifference." Accordingly, Plaintiff cannot make the requisite showing that State Defendants acted with an "evil motive" or with "callous indifference" towards Plaintiff's rights. Therefore, Plaintiff's claim for punitive damages should be dismissed.

<u>**POINT IV**</u>

**PLAINTIFFS' FAILURE TO INTERVENE CLAIM MUST BE DISMISSED BECAUSE IT DOES NOT SET FORTH FACTS DEMONSTRATING THAT ANY DEFNDANT ACTUALLY HAD AN OPPORTUNITY TO INTERVENE AND FAILED TO DO <u>SO.</u>**

An officer can be held liable for "failing to protect an inmate from another officer's use of excessive force 'if there is a realistic and reasonable opportunity to intervene.' *Matthews v. Villella*, 381 F. App'x 137, 140 (3d Cir. 2010) (upholding dismissal of failure to intervene claim where there were insufficient facts

pled demonstrating an opportunity to intervene) (quoting *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir.2002)).

It is axiomatic that no reasonable opportunity to intervene can exist where an officer is unaware that a fellow officer is engaging in unconstitutional conduct. In the instant case, the Complaint supposes the Defendants should have intervened simply because "they were all present." (Compl., ¶ 146). This is insufficient to state a failure to intervene claim.

## **POINT V**

### **PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY UNDER 42 U.S.C. §§ 1983 AND 1985, OR UNDER THE COMMON LAW.**

Plaintiff's claim that State Defendants conspired against him fails to state a claim for which relief can be granted.

In order to prove a violation under Section 1985(3), plaintiff must establish all of the following elements: "(1) a conspiracy; (2) motivated by racial or perhaps otherwise class-based invidious discriminatory animus; (3) for the purpose of depriving either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws; (4) an act in furtherance of the conspiracy; and (5) that the plaintiff was injured in his person or property or was deprived of having and exercising any right or privilege of a citizen of the United States." *Hudson v. Thornburgh*, 770 F.Supp.

1030, 1035-1036 (W.D. Pa. 1991)(citing *Griffen v. Breckenridge*, 403 U.S. 88, 102-103 (1971)).

A complaint pursuant to 42 U.S.C. §1985 must also be pled with factual specificity by alleging actions which show that the defendants agreed to conspire and acted in furtherance of the conspiracy; **mere conclusory allegations that defendants conspired are insufficient to support a claim**. *See Church of Human Potential, Inc. v. Vorsky*, 636 F. Supp. 93, 96 (D.N.J. 1986); *Hauptmann v. Wilentz*, 570 F.Supp. 351, 385 (D.N.J. 1983), aff'd. 770 F.2d 1070 (3d. Cir. 1985). In *Church of Human Potential* the plaintiff's cause of action under §1985 was dismissed because he alleged in a conclusory fashion that defendant Internal Revenue Service agent conspired with another defendant because they both signed the third-party summons issued to the plaintiff. *Church of Human Potential*, 636 F. Supp. at 96.

Here, Plaintiff has failed to allege facts to properly state a claim for conspiracy. Plaintiff contends that all the defendants agreed "to cause injury and damage to and commit unlawful acts against plaintiff." (Compl. ¶ 195). However, Plaintiff does not set forth any facts to support these claims other than the conclusory statement that an agreement was reached. Was such agreement verbal? Who proposed it? Was it discussed before the ostensible agreement was arrived at? Did all parties verbally agree to the alleged conspiracy?

Not a fact is alleged to answer a single one of these questions. The Complaint simply concludes that there was, somehow, an agreement. Furthermore, the facts fail to state anywhere in the Complaint that Defendants' alleged conspiracy was motived by race or other class-based discrimination. Plaintiff also cannot show that defendants deprived him of equal protection of rights. Indeed, plaintiff offers no facts whatsoever beyond a mere conclusory allegation that the State Defendants conspired against him. Nowhere does plaintiff assert that the State Defendants alleged acts were motivated by racial or otherwise class-based invidious discriminatory animus. For these reasons, Plaintiff's conspiracy claims must be dismissed.

## POINT VI

### PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED.

In the Complaint, Plaintiff alleges in a conclusory manner that he was somehow retaliated against in connection with the events forming the basis of this lawsuit. Glaringly, however, other than simply concluding that he was retaliated against, Plaintiff does not allege sufficient facts which, if taken as true, would prove that any retaliation took place.

In order to prevail on a First Amendment retaliation claim, a plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands

of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). See also Anderson v. Davila, 125 F.3d 148, 160, 37 V.I. 496 (3d Cir. 1997) (citations omitted); Thaddeus-X v. Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

As to the second factor, "a prisoner-plaintiff satisfies [the "adverse action"] requirement by demonstrating that the action 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)(quoting Allah v. Seiverling, 229 F.3d at 225). Determination of this second factor is a fact-sensitive analysis. Allah, supra.

Regarding the third factor, plaintiff has the initial burden of showing that his conduct "was 'a substantial or motivating factor'" in the adverse action. Rauser, 241 F.3d at 333 (importing a burden-shifting framework into the prisoner-retaliation context for proof of a "causal link between exercise of [an inmate's] constitutional rights and the adverse action taken against him"). To establish this requisite causal connection for a First Amendment retaliation claim, the plaintiff must prove one of two things:

"(1) an unusually suggestive proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link." DeFranco v. Wolfe, 387 Fed. Appx. 147, 154 (3d Cir., July 14, 2010)(citing Lauren W. Ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)). If neither of these showings is made, then plaintiff must show that, from the evidence in the record as a whole, the trier of fact should infer causation. Id.

Plaintiff here has failed to lay out factual matter demonstrating that he was ever subjected to an adverse action in retaliation for constitutionally protected activity. The claim must be dismissed.

## POINT VII

### PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD HIS NEGLIGENCE CLAIMS.

A cause of action for negligence requires that the Plaintiff establish "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Davis v. Brickman Landscaping, Ltd.*, 219 N.J. 395, 406 (2014).

In the instance case, Plaintiff alleges that the Officer Defendants were "each negligent and careless in failing to follow policies and procedures, in their use of force." (Compl. ¶ 171.). The Plaintiff also alleges Hicks and Stevenson "were each negligent in their failure to hire, retain, train, discipline, and supervise correctional officers." (Compl. ¶ 170).

To maintain a claim for negligent hiring and/or supervision, a plaintiff must prove (1) the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons" and (2) the employer's negligence in hiring and supervising the employee permitted the employee's "incompetence, unfitness or dangerous characteristics" to proximately cause injury to a third party. *Hayward v. Salem City Bd. of Educ.*, No. CV 14-5200 (JBS/AMD), 2016 WL 4744132, at *11 (D.N.J. Sept. 12, 2016)(quoting *DiCosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982)).

Plaintiff has made conclusory allegations that the supervisory Defendants in this case knew or should have known their subordinates might cause harm. These allegations, though, are far too vague to make out a claim of negligent hiring or supervision. The claim must be dismissed.

## POINT VIII

### THE ASSAULT AND BATTERY CLAIMS MUST BE DISMISSED.

N.J.S.A. 59:9-2d states that "[n]o damages for pain and suffering shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation . . . shall not apply in cases of permanent loss of a bodily function . . . ." The permanent loss of a bodily function must be "substantial." *Brooks v. Odom*,

150 N.J. 395, 406 (1997).   Courts have consistently dismissed claims for pure emotional distress as being nothing more than claims for pain and suffering which generally are proscribed by this statute.   *Knowles v. Mantua Twp. Soccer Ass'n*, 176 N.J. 324, 332 (2003).   "An injury causing lingering pain, resulting in a lessened ability to perform certain tasks because of the pain, will not suffice . . . ."   *Ibid.* (citations omitted) (loss of sight, smell, taste, or muscle control satisfies requirement; permanently, substantially useless bodily limb or organ but for medical intervention satisfies requirement; alleged permanent and substantial injury must have physical manifestation).   Where a plaintiff's alleged injury is permanent post-traumatic stress, with no residual physical injury, the question is whether there are sufficient aggravating circumstances to qualify the post-traumatic stress disorder as a permanent loss of a bodily function. *Collins v. Union County Jail*, 150 N.J. 407, 413 (1997).   A volatile, intrusive physical assault, *Collins, supra*, 150 N.J. at 413, and the stillborn death of a child caused by medical malpractice, *Willis v. Ashby*, 353 N.J. Super. 104, 113 (App. Div.), certif. denied, 174 N.J. 547 (2002), have been recognized as unique aggravating circumstances in which a resulting non-physical injury may constitute a permanent loss of a bodily function.

Here, plaintiff once again makes the conclusory allegation that he has suffered "permanent injury," but does not allege any facts demonstrating that he has suffered a permanent loss of a

bodily function which is substantial or otherwise.  There is no loss of sight, smell, taste, or muscle control.  No bodily limb or organ has been rendered permanently and substantially useless.

For the above reasons, Plaintiff's damages claim arising from an alleged assault and battery is not recoverable under N.J.S.A. 59:9-2, and such claim must be dismissed.

**POINT IX**

**PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE HIS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM.**

To establish a claim for intentional infliction of emotional distress, the plaintiff must establish that: (1) the defendant intended to cause emotional distress; (2) the conduct was extreme and outrageous; (3) the actions proximately caused emotional distress; and (4) the emotional distress was severe. *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366 (1988). "[T]he court decides whether as a matter of law such emotional distress can be found, and the jury decides whether it has in fact been proved." *Id.* at 367. Complaints amounting to nothing more than "aggravation, embarrassment, an unspecified number of headaches, and loss of sleep" are insufficient as a matter of law to establish an emotional distress claim. *Id.* at 368; *see also Moreau v. Walgreen Co.*, 387 Fed. Appx. 202, 204 (3d Cir. 2010)("Here, the District Court noted that Moreau merely complained of embarrassment, humiliation, anger, anxiety, and lack of sleep, which are not

sufficiently severe to support a cause of action under New Jersey law.").

In the instant case, Plaintiff's complaint does not describe emotional distress; rather it describes garden-variety emotional distress, which is not actionable as a matter of law – i.e., embarrassment, humiliation, and anguish – leaving Plaintiff short of the pleading threshold. (Compl., ¶¶ 180-183). And, perhaps even more importantly, the Complaint fails to demonstrate that any Defendants' actions actually caused the alleged distress, or possessed the intent to do so. *Id.* Thus, this claim should be dismissed without prejudice.

## **CONCLUSION**

Based on the foregoing, State Defendants' motion to dismiss the Complaint pursuant to *Fed. R. Civ. P.* 12(b)(6) and *Fed. R. Civ. P.* 8, should be granted.

Respectfully submitted,

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Chanell Branch
     Chanell Branch
     Deputy Attorney General


c.   Shelley L. Stangler, Esq.
     (Counsel for Plaintiff)

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendants*

By:  Chanell Branch
     Deputy Attorney General
     (609)-376-3776
     Chanell.Branch@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| _____ | : HON. Madeline Cox Arleo, U.S.D.J. |
| NICHOLAS GARREFFI, |   HON. Michael A. Hammer, U.S.M.J. |
| | : |
| Plaintiff, | : Civil Action No. 20-16396 (MCA/MAH |
| v. | : **ORDER** |
| MARCUS O. HICKS, et als., | : |
| Defendants. | : |
| _____ | |

THIS MATTER having come before the Court on motion of Andrew J. Bruck, Acting Attorney General of New Jersey, by Chanell Branch, Deputy Attorney General, on behalf of Defendants for an order dismissing plaintiff Nicholas Garreffi's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6); and the Court having considered the papers submitted herein, this matter being decided under Fed. R.Civ. P. 78, and for good cause shown;

IT IS on this ____ day of _____, 2021;

ORDERED that Defendants' motion to dismiss the Complaint is

hereby GRANTED.


_____
HONORABLE MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendants*

By: Chanell Branch
    Deputy Attorney General
    (609)-376-3776
Chanell.Branch@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| _____ | : HON. MADELINE A. COX, U.S.D.J. |
| NICHOLAS GARREFFI, |   HON. MICHAEL A. HAMMER, U.S.M.J. |
| | : |
| Plaintiff, | : Civil Action No. 20-16396 (MAC/MAH) |
| v. | : **CERTIFICATION OF SERVICE** |
| MARCUS O. HICKS, et als., | : |
| Defendants. | : |
| _____ | |

I hereby certify that the Notice of Defendants' Motion to Dismiss the Complaint, Memorandum of Law in support of the Motion, Proposed Order, and Certification of Service were electronically filed with the Clerk of the United States District Court, and that copies of those documents served via CM/ECF upon:

> Shelley L. Stangler, Esq.
> Law Offices of Shelley L. Stangler, P.C.
> 155 Morris Avenue, #2
> Springfield, NJ 07081
> Attorney for Plaintiff

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY

By: s/Chanell Branch
    Chanell Branch
    Deputy Attorney General

DATED: November 5, 2021